UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **LARRY WESLEY SANDERS, III,**<br><br>Plaintiff,<br><br>vs.<br><br>**EQUIFAX INFORMATION SERVICES, LLC, EXPERIAN INFORMATION SOLUTIONS, INC., and TRANS UNION, LLC,**<br><br>Defendants. | **2:25-CV-12806-TGB-EAS**<br><br>HON. TERRENCE G. BERG<br><br>**ORDER CONSOLIDATING CASES** |
| **LARRY TYLER SANDERS,**<br><br>Plaintiff,<br><br>vs.<br><br>**EQUIFAX INFORMATION SERVICES, LLC, EXPERIAN INFORMATION SOLUTIONS, INC., and TRANS UNION, LLC,**<br><br>Defendants. | **2:25-CV-12818-TGB-EAS**<br><br>HON. TERRENCE G. BERG<br><br>**ORDER CONSOLIDATING CASES** |

Before the Court are two actions involving related Plaintiffs (twin brothers) and the same Defendant credit reporting agencies, centered around the same allegations of violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681, *et seq.* stemming from Defendants' alleged failure to follow reasonable procedures to assure the accuracy of each Plaintiff's credit files and reports and Defendants' failure to conduct a reasonable investigation of each Plaintiff's credit disputes. Each Plaintiff

1

claims the Defendants mixed his credit files, credit reports, credit accounts, credit histories, inquiries, and personal identification information with that of his twin brother. *Compare Sanders v. Equifax, et al.*, Case No. 25-12806 *with Sanders v. Equifax, et al.*, Case No. 25-12818. The latter case was recently reassigned to the Court as a companion case under E.D. Mich. LR 83.11(b)(7).

Federal Rule of Civil Procedure 42(a) authorizes consolidation of actions that involve a common question of law or fact. Whether a case should be consolidated is a matter within the discretion of the trial court. *See Cantrell v. GAF Corp.*, 999 F.2d 1007, 1011 (6th Cir. 1993). "A court may issue an order of consolidation on its own motion, and despite the protestations of the parties." *Id.* (citation omitted). "The objective of consolidation is to administer the court's business with expedition and economy while providing justice to the parties." *Gamboa v. Ford Motor Co.*, 381 F. Supp. 3d 853, 866 (E.D. Mich. 2019) (Hood, J.) (citing *Advey v. Celotex Corp.*, 962 F.2d 1177, 1181 (6th Cir. 1992)). Courts weigh the interests of judicial economy against the potential for new delays, expense, confusion, or prejudice. *See id.*; *see also Banacki v. OneWest Bank, FSB*, 276 F.R.D. 567, 571–72 (E.D. Mich. 2011) (Rosen, J.).

*Sanders v. Equifax, et al.*, Case No. 25-12806 and *Sanders v. Equifax, et al.*, Case No. 25-12818 share common questions of law and fact as they both stem from alleged actions by Defendants related to each Plaintiff's credit files and credit reports. The same attorneys appear in

each case. Consolidation will promote judicial economy and parties will not be prejudiced. Accordingly, the Court will order the Clerk of the Court to consolidate *Sanders v. Equifax, et al.*, Case No. 25-12818 with *Sanders v. Equifax, et al.*, Case No. 25-12806.

It is therefore **ORDERED** that the Clerk of the Court must **CONSOLIDATE** *Sanders v. Equifax, et al.*, Case No. 25-12818 with *Sanders v. Equifax, et al.*, Case No. 25-12806.

**IT IS FURTHER ORDERED** that the Clerk of the Court must **CLOSE** *Sanders v. Equifax, et al.*, Case No. 25-12818. **ALL DOCUMENTS ARE TO BE DOCKETED ON THE LEAD CASE,** ***SANDERS V. EQUIFAX, ET AL.*, CASE NO. 25-12806.**

**IT IS SO ORDERED.**

Dated: December 22, 2025    /s/Terrence G. Berg
                            HON. TERRENCE G. BERG
                            UNITED STATES DISTRICT JUDGE